# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 11, 2014

147752

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
        Plaintiff-Appellee,

v

MICHIGAN MUNICIPAL RISK
MANAGEMENT AUTHORITY, INC.,
        Defendant-Appellant.

SC:  147752
COA:  306844
Shiawassee CC:  07-005893-CK

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

On order of the Court, the application for leave to appeal the August 13, 2013 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I would grant leave to appeal.  This case, remarkable in its outcome in my judgment, features a speeding and uninsured motorcyclist who was injured when he crashed his motorcycle while fleeing from the police, and who thereafter collected a double no-fault insurance recovery.  In particular, I would grant leave to decide two questions.  First, whether a pursuing police vehicle was "involved in the accident" for the purposes of MCL 500.3114(5)(a) of the no-fault insurance act when that police vehicle, after slowing down out of concern for the motorcyclist's safety and for its own ability to navigate a curved dirt road, followed a half-mile and a sharp curve behind the fleeing motorcyclist such that the police vehicle could not even see the motorcycle at the time of the crash.  Cf. *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 38-40 (1995) (indicating that a police vehicle is "involved in the accident" of a vehicle it is pursuing when the police vehicle "actively, as opposed to passively, contribute[s] to the accident" and that there must be more than a mere "'but for' connection between" the police vehicle and the accident, "even where a 'but for' standard is narrowed by interposing a requirement of physical proximity" between the police vehicle and the accident).  Second, whether, if the police vehicle was "involved in the accident," defendant has a coverage responsibility for

medical expenses in the amount of $218,000, an amount already paid by the motorcyclist's health insurance, an issue involving an analysis of the interaction between MCL 500.3114(5)(a) and MCL 500.3109a, in circumstances in which a motorcyclist involved in an accident lacks vehicular insurance but has health insurance.

ZAHRA, J., joins the statement of MARKMAN, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 11, 2014



Clerk

p0408